1 | **GOLDEN GOODRICH LLP**
Jeffrey I. Golden, State Bar No. 133040
2 | jgolden@go2.law
Ryan W. Beall, State Bar No. 313774
3 | rbeall@go2.law
3070 Bristol Street, Suite 640
4 | Costa Mesa, California 92626
Telephone    714-966-1000
5 | Facsimile    714-966-1002

6 | Counsel for Chapter 7 Trustee
Weneta M.A. Kosmala

7 |

8 | <center>**UNITED STATES BANKRUPTCY COURT**</center>

9 | <center>**CENTRAL DISTRICT OF CALIFORNIA - SANTA ANA DIVISION**</center>

10 | In re

11 | TIDALWAVE FINANCE CORPORATION,

12 |           Debtor.

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

Case No. 8:23-bk-10794-SC

Chapter 7

**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER:**
**(1)    AUTHORIZING SALE OF PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(b) AND (f);**
**(2)    APPROVING OVERBID PROCEDURES;**
**(3)    APPROVING BUYER, SUCCESSFUL BIDDER, AND BACK-UP BIDDER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(m); AND**
**(4)    WAIVING ANY LODGING PERIODS AND ANY STAY OF THE ORDER ON THE MOTION;**

**MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF WENETA M.A. KOSMALA AND AVISHAI SHRAGA IN SUPPORT**

**<u>Remote Hearing:</u>**
**DATE:        December 12, 2023**
**TIME:        11:00 a.m.**
**CTRM:       Courtroom 5C/Via ZoomGov**
**411 West Fourth Street**
**Santa Ana, CA 92701**

4879-6539-8673.1

MOTION

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1  TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY

2  JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, DEBTOR AND DEBTOR'S

3  COUNSEL, AND PARTIES IN INTEREST:

4       Weneta M.A. Kosmala, the duly appointed, qualified and acting Chapter 7 trustee

5  ("Trustee") for the bankruptcy estate ("Estate") of debtor Tidalwave Finance Corporation

6  ("Debtor" or "Tidalwave"), files this *Motion for Order: (1) Authorizing Sale of Personal*

7  *Property Free and Clear of Liens, Claims, and Interests Pursuant to 11 U.S.C. §§ 363(b)*

8  *and (f); (2) Approving Overbid Procedures; (3) Approving Buyer, Successful Bidder, and*

9  *Back-up Bidder as Good-Faith Purchaser Pursuant to 11 U.S.C. § 363(m); and*

10 *(4) Waiving any Lodging Periods and any Stay of the Order on the Motion* ("Motion").  In

11 support of the Motion, the Trustee submits the following memorandum of points and

12 authorities and the Declarations of Weneta M.A. Kosmala ("Kosmala Decl.") and Avishai

13 Shraga ("Shraga Decl."), and respectfully represents as follows:

14 **I.**    <u>**INTRODUCTION**</u>

15      The Trustee requests authority to sell certain personal property of the Debtor to

16 Access Finance, Inc. ("Buyer") for a purchase price of $6,000.00, subject to overbid and

17 free and clear of all liens, claims and interests.  As discussed below, the Trustee believes

18 the purchase price represents the fair market value of the property and the proposed sale

19 is reasonable and in the best interest of the Estate as it provides funds for distribution to

20 creditors.  The Trustee also requests (i) approval of the buyer, successful bidder and

21 back-up bidder as good-faith purchasers, (ii) approval of overbid procedures, and

22 (iii) waivers of the lodging period and any stay of the order granting this Motion.

23 **II.**    <u>**STATEMENT OF FACTS**</u>

24     **A.**    <u>**The Debtor's Bankruptcy Filing and the Trustee's Appointment**</u>

25      Tidalwave was in the business of providing non-prime auto financing services in

26 California.

27      On April 18, 2023, the Debtor filed a voluntary petition for relief under Chapter 7 of

28 the United States Bankruptcy Code, case no. 8:23-bk-10794-SC ("Case").  Weneta M.A.

1  Kosmala was appointed Chapter 7 trustee shortly thereafter.  The Debtor scheduled

2  personal property assets with the following values assigned by the Debtor:

3        -  $25,000.00 in bank funds ("Bank Funds"); and

4        -  $124,627.92 in accounts receivable ("A/R").

5      By order entered June 2, 2023, the Trustee employed Golden Goodrich LLP

6  ("Firm") to, among other things, assist the Trustee in administering the A/R.   By order

7  entered June 13, 2023, the Trustee employed D. Masin Consulting LLC ("DMC") to,

8  among other things, analyze the A/R, confirm balances due on auto loans, and assist the

9  Trustee in liquidating the A/R.

10  **B.**    **Assets**

11      Buyer has offered to purchase all the Debtor's assets, including, but not limited to,

12  all remaining car loan receivables, all titles held by the Debtor, and any other assets of the

13  Debtor other than the Excluded Assets (as defined below) ("Assets").  In its bankruptcy

14  schedules, the Debtor scheduled the A/R with a value of $124,627.92.  The Debtor did not

15  schedule any liens against the A/R. Attached as **Exhibit 1** is the relevant portion of

16  Schedules A/B and D.  *See* Kosmala Decl.  The Debtor's A/R has been collected

17  throughout the case. The Buyer has investigated the remaining A/R of the Debtor in order

18  to determine the sale price.

19  **III.**    **TERMS OF THE PROPOSED SALE**

20      Buyer, whose address is 3415 S. Sepulveda Blvd., Suite 410, Los Angeles,

21  California 90034, has offered to purchase the Assets and the Trustee has accepted that

22  offer.  The salient terms of the Sale Agreement ("Sale Agreement") entered into between

23  the Trustee and Buyer, a copy of which is attached as **Exhibit 2**, are as follows:

24      1.    Purchase of the Estate's Interest in the Assets.  Within seven (7) days of the

25  entry of an order of the Court approving the Sale Agreement, Buyer will pay to the

26  Trustee, for the benefit of the Estate, in immediately available funds, the amount of

27  $6,000.00 ("Purchase Price") for the Estate's interest in the Assets.   The Purchase Price

28  shall be held in conformity with the rules and requirements set by the Office of the United

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  States Trustee until the Closing Date.[1]  At the Closing Date, the Trustee shall sell, assign,

2  convey, transfer and deliver to Buyer, and Buyer shall purchase the Assets, in accordance

3  with the terms of the Sale Agreement on an as-is, where-is basis, without any

4  representations or warranties of any kind, expressed or implied, by the Trustee.

5      2.     Excluded Assets.  The Assets do not include: (1) the right to collect

6  California Department of Tax and Fee Administration refunds owed to the Debtor; and

7  (2) and any claims owned by the Debtor under the United States Bankruptcy Code

8  including, but not limited to, avoidable transfer actions and preference actions under

9  Section 544 and/or any claims against principals of the Debtor arising from actions prior to

10  the Closing Date ("Excluded Assets").

11     3.     Subject to Overbids.  The sale of the Estate's interest in the Assets shall be

12  subject to overbid.

13     4.     Megasys System and Scan 123 System.  As of the Effective Date, Buyer will

14  take over the data from the Debtor's Megasys system and the Scan 123 system.

15  **IV.    PROPOSED OVERBID PROCEDURES**

16      **A.     Overbid Procedures**

17         The Trustee proposes the following procedure to allow for overbids prior to the

18  Court's approval of the sale of the Assets to ensure the Assets are sold for the best

19  possible price:

20         1.     Qualifying bidders ("Qualifying Bidder") shall:

21              a.     Bid at least $7,000.00 in cash for the Assets;

22              b.     Adhere to the same terms and conditions of the offer that are

23         set forth in the Sale Agreement attached as **Exhibit 2** other than Purchase

24         Price;

25

26  _____

27  [1] Capitalized terms not defined herein have the same meaning or definition as the terms in the Sale
Agreement.

28

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

c.      Be financially qualified, in the Trustee's exercise of her sound business judgment, to close the sale as set forth in the Sale Agreement;

d.      Submit an offer that does not contain any contingencies to closing the sale, including, but not limited to, financing, inspection, or repair contingencies;

e.      Submit a cash deposit in the amount of $7,000.00 ("Overbid Deposit") payable to Weneta M.A. Kosmala, Chapter 7 Trustee for the Bankruptcy Estate of Tidalwave Finance Corporation, in the form of a cashier's check, which Overbid Deposit shall be non-refundable if the bid is deemed to be the Successful Bid, as defined in paragraph 4 below. The Overbid Deposit, written offer, and evidence of financial qualification must be delivered to the Trustee's counsel (at the address shown in the upper left hand corner of the first page of this Motion) by no later than **4:00 p.m.**, Pacific Standard Time, two business days prior to the scheduled hearing ("Overbid Deadline"). In her absolute and sole discretion, the Trustee shall have the right to accept additional overbids submitted prior to the hearing but after the Overbid Deadline.

2.      If the Trustee receives a Qualified Bid by the Overbid Deadline, an auction will take place at the time of the hearing on the Motion ("Auction"). Only Buyer and any party who is deemed a Qualifying Bidder shall be entitled to bid.

3.      Any incremental bid in the bidding process shall be at least $1,000.00 higher than the prior bid for the Assets.

4.      At the hearing on the Motion and upon conclusion of the Auction, the Trustee shall decide, subject to Court approval, which of the bids is the best bid, and such bid shall be deemed to be the "Successful Bid." The bidder who is accepted by the Trustee as the successful bidder ("Successful Bidder") must pay all amounts reflected in the Successful Bid in cash no later than 5 days after the Effective Date. The Trustee may also acknowledge a back-up bidder ("Back-Up

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

1  Bidder") which shall be the bidder with the next best bid.  Should the Successful

2  Bidder fail to close the sale of the Assets, the Trustee may sell the Assets to the

3  Back-Up Bidder without further Court order.

4         5.     Overbids shall be all cash and no credit shall be given to the

5  purchaser or overbidder(s).

6  **V.**    **ARGUMENT**

7      **A.**    **Legal Standard for Approving Sales Under § 363(b)**

8      Section 363(b) of the Bankruptcy Code empowers a trustee to "use, sell or

9  lease . . . other than in the ordinary course of business, property of the estate." 11 U.S.C.

10  § 363(b).  In considering a proposed transaction to use, sell, or lease, courts look at

11  whether the transaction is in the best interests of the estate based on the facts and history

12  of the case. *In re American West Airlines*, 166 B.R. 908, 912 (Bankr. D. Ariz. 1994) (citing

13  *In re Lionel Corp.*, 722 F.2d 1063, 1071 (2d Cir. 1983)).  This requires examination of the

14  "business justification" for the proposed transaction. *In re 240 North Brand Partners, Ltd.*,

15  200 B.R. 653 (9th Cir. B.A.P. 1996); *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830

16  (Bankr. C.D. Cal. 1991); *In re Ernst Home Center, Inc.*, 209 B.R. 974 (Bankr. W.D. Wash.

17  1997).

18        In approving any sale outside the ordinary course of business,
the court must not only articulate a sufficient business reason

19  for the sale, it must further find it is in the best interest of the
estate, i.e., it is fair and reasonable, that it has been given

20  adequate marketing, that it has been negotiated and proposed
in good faith, that the purchaser is proceeding in good faith

21  and that it is an 'arms-length' transaction.

22  *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 841 (Bankr. C.D. Cal. 1991); *In re 240*

23  *North Brand Partners, Ltd.*, 200 B.R. 653 (9th Cir. B.A.P. 1996).  A bankruptcy court's

24  power to authorize a sale under § 363(b) is reviewed for abuse of discretion. *In re Walter*,

25  83 B.R. 14, 19 (9th Cir. B.A.P. 1988).

26      The paramount goal in any proposed sale of property of the estate is to maximize

27  the proceeds received by the estate. *See e.g., In re Food Barn Stores, Inc.*, 107 F.3d

28  558, 564-65 (8th Cir. 2010) (in bankruptcy sales, "a primary objective of the Code [is] to

*Golden Goodrich LLP*
*3070 Bristol Street, Suite 640*
*Costa Mesa, California 92626*
*Tel 714-966-1000   Fax 714-966-1002*

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1 enhance the value of the estate at hand"); *In re Integrated Resources, Inc.*, 147 B.R. 650,

2 659 (Bankr. S.D.N.Y. 1992) ("It is a well-established principle of bankruptcy law that the . .

3 . [trustee's] duty with respect to such sales is to obtain the highest price or greatest overall

4 benefit possible for the estate.") (quoting *Cello Bag Co. Inc. v. Champion Int'l Corp. (In re*

5 *Atlanta Packaging Prods., Inc.)* 99 B.R. 124, 130 (Bankr. N.D. Ga. 1988)); *995 Fifth Ave.,*

6 *Assocs.*, 96 B.R. 24, 28 (Bankr. S.D.N.Y. 1989).  As long as the sale appears to enhance

7 a debtor's estate, court approval of a trustee's decision to sell should only be withheld if

8 the trustee's judgment is clearly erroneous, too speculative, or contrary to the provisions

9 of the Bankruptcy Code.  *In re Lajijani*, 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005); *GBL*

10 *Holding Co., Inc. v. Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 255 (N.D. Tex. 2005); *In re*

11 *WPRV-TV, Inc.*, 143 B.R. 315, 319 (D.P.R. 1991) ("The trustee has ample discretion to

12 administer the estate, including authority to conduct public or private sales of estate

13 property.  Courts have much discretion on whether to approve proposed sales, but the

14 trustee's business judgment is subject to great judicial deference.").

15     **B.**    <u>**The Sale Should Be Approved Because It Is Supported By A Good**</u>

16             <u>**Business Justification and Is In the Best Interest of the Estate**</u>

17        Here, the proposed transaction has a legitimate business justification and is in the

18 best interest of the Estate because it will generate proceeds for the benefit of creditors of

19 the Estate.  The Purchase Price represents market value.  *See Kosmala Decl.*  Notice of

20 the sale is being provided to all creditors, and the Trustee has proposed an overbid

21 procedure to ensure the Estate receives the highest and best price for the Assets.  The

22 sale will generate gross proceeds of at least $6,000.00 (depending upon the final sale

23 price) for the benefit of the Estate.  There are no liens against the Assets.  *See* Exhibit 1.

24 Accordingly, the Trustee believes the proposed sale is fair and reasonable and within the

25 proper exercise of her business judgment.  *See* Kosmala Decl. Additionally, the Trustee

26 will be closing Scan123 and Megasys accounts within 7 days of an order approving the

27 Motion and exercising best efforts to retain data in accordance with all data retention laws.

28

4879-6539-8673.1             7            MOTION

**C.    The Sale is Made in Good Faith**

"Good faith encompasses fair value, and further speaks to the integrity of the transaction." *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830, 842 (Bankr. C.D. Cal. 1991) (internal quotation marks omitted).  Bad faith includes collusion between buyer and seller or otherwise taking unfair advantage of other potential purchasers, such as a collusive insider transaction. *Id.*; *see also In re Indus. Valley Refrigeration & Air Conditioning Supplies, Inc.*, 77 B.R. 15, 17 (Bankr. E.D. Pa. 1987).

The sale of the Assets was negotiated at arms' length.  There is no fraud, collusion, or insider transaction present here, and Buyer received no special treatment or consideration.  Except as disclosed below, there are no connections or relations between the Trustee and Buyer or the Debtor and Buyer.  Due to their nature, the Assets have not been formally marketed. The Assets are intangible personal property items that only have financial benefit to another entity or person in the same line of business as the Debtor. On behalf of the Trustee, DMC contacted several parties about purchasing the Assets but did not receive a response.  The Trustee has accepted the only offer for the Assets, however, the sale is subject to overbid and will be properly publicized on the Bankruptcy Court's website ensuring that the highest and best price is received.  As a result, the sale is made in good faith.

**D.    The Trustee May Sell the Assets Free and Clear of Liens, Claims, and Interests**

The Trustee seeks this Court's authority to sell the Assets free and clear of liens pursuant to 11 U.S.C. § 363 (f), which provides that:

> [t]he trustee may sell property. . . free and clear of any interest in such property of an entity other than the estate, only if _. . .
>
> (1)    applicable nonbankruptcy law permits sale of such property free and clear of such interest;. . .
>
> (2)    such entity consents;. . .
>
> (3)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)    such interest is in bona fide dispute; or

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1        (5)    such entity could be compelled, in a legal or
2                equitable proceeding, to accept a money
                satisfaction of such interest.

Because subsections (1) through (5) of § 363(f) are written in the disjunctive, authority to

sell the Assets free and clear of any and all interests therein should be granted if, with

respect to each lien holder, any of the conditions are met.

The Trustee does not believe there are any liens on the Assets.  There are no

scheduled liens against the Assets.  *See* Exhibit 1.

**E.**      **Buyer Should Be Deemed a "Good Faith Purchaser" Pursuant to**

        **11 U.S.C. § 363(m)**

Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under
> subsection (b) or (c) of this section of a sale or lease of property
> does not affect the validity of a sale or lease under such
> authorization to an entity that purchased or leased such property
> in good faith, whether or not such entity knew of the pendency of
> the appeal, unless such authorization and such sale or lease
> were stayed pending appeal.

A good faith buyer "is one who buys 'in good faith' and 'for value.'" *Ewell v. Diebert (In re*

*Ewell)*, 958 F.2d 276, 281 (9th Cir. 1992) (citing *In re Abbotts Dairies of Pennsylvania,*

*Inc.*, 788 F.2d 143, 147 (3d Cir. 1986)). "[L]ack of good faith is [typically] shown by 'fraud,

collusion between the purchaser and other bidders or the trustee, or an attempt to take

grossly unfair advantage of other bidders.'" *Id.* (quoting *Community Thrift & Loan v. Suchy*

*(In re Suchy)*, 786 F.2d 900, 902 (9th Cir. 1985)).

In this instance, market value is difficult to determine due to the nature of the

Assets.  The Assets have value to Buyer, which is also in the sub-prime auto finance

industry in California, and which had previously done business with Tidalwave.  Buyer has

offered $6,000.00, which is the only offer that has been received by the Trustee.  Buyer is

buying in good faith.  Buyer has no prior relationship with the Trustee and the anticipated

sale of the Assets was negotiated with Buyer in "arms'-length" discussions between Buyer

and the Trustee.  *See* Kosmala Decl.  Moreover, the sale will be conducted in a

commercially reasonable manner following appropriate notice.  Based on such facts and

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1 circumstances, the Trustee believes that this Court can properly determine Buyer as a

2 "good faith purchaser" pursuant to 11 U.S.C. § 363(m).

3    **F.    The Bankruptcy Court Has the Authority to Implement the Proposed**

4         **Overbid Procedures**

5         Implementation of the bidding procedures is an action outside of the ordinary

6 course of business.  Section 363(b)(1) of the Bankruptcy Code provides that a trustee

7 "after notice and hearing, may use, sell or lease, other than in the ordinary course of

8 business, property of the estate."  Furthermore, under 11 U.S.C. § 105(a), "[t]he court may

9 issue any order, process, or judgment that is necessary or appropriate to carry out the

10 provisions of this title."  Thus, pursuant to §§ 363(b)(1) and 105(a), this Court may

11 authorize the implementation of overbidding procedures. The bankruptcy court may issue

12 orders determining the terms and conditions for overbids with respect to a sale of estate

13 assets, including specifying the minimum consideration required for an overbid, the

14 particular contractual terms required to be offered by overbidders, and requiring and

15 setting the amount of potential overbidder's deposits. *See In re Crown Corporation*, 679

16 F.2d 774 (9th Cir. 1982).

17         Here, the overbid procedures proposed by the Trustee are fair and reasonable

18 under the circumstances.  The minimum overbid amount is $1,000.00 higher than the

19 Purchase Price and each subsequent overbid is in increments of $1,000.00.  A qualified

20 overbid is only due to the Trustee two business days prior to the hearing on the Motion.  In

21 addition, the proposed overbid procedures will ensure the sale generates the greatest

22 possible value to the Estate.  Accordingly, the proposed overbidding procedures should

23 be approved by the Court.

24

25

26

27

28

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

4879-6539-8673.1

MOTION

**G.    Tax Consequences**

The Trustee does not believe there will be any tax consequences from the sale.  If there is any net gain to the Estate, it will be paid from the sale proceeds.  *See* Kosmala Decl.  The Trustee requests authority to pay this amount without further order of the Court.

**H.    Adequate Notice of the Sale is Proposed**

The Trustee proposes to provide notice of the sale to be posted by the Clerk's Office and to serve notice of the sale on the Office of the United States Trustee, all creditors, any potential overbidders, and all other parties receiving ECF and special notice in the Case.  Further, the Assets are subject to overbid, and the ability of other potentially interested parties to provide competing offers for the Assets ensures that the proposed sale will not result in a lucrative "windfall" to Buyer at the expense of creditors of the Estate.  *See In re Onouli Kona Land Co.*, 846 F.2d 1170 (9th Cir. 1988).

**I.    Waiver of the Fourteen-Day Period for Effectiveness of the Sale Order**

Rule 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  FRBP 6004(h).  The legislative history to Rule 6004 provides:

> The court may, in its discretion, order that Rule 6004(g) [now 6004(h)] is not applicable so that the property may be used, sold, or leased immediately in accordance with the order entered by the court. Alternatively, the court may order that the stay under Rule 6004(g) [now 6004(h)] is for a fixed period less than 10 [now 14] days.

Given the notice and full opportunity to object, respond, or participate in overbid procedures presented by this Motion, the Trustee believes that, unless there are objections to the Motion that are not consensually resolved, it is appropriate and good cause exists for the Court to order that Rule 6004(h) is not applicable, and the Assets may be sold immediately.  Accordingly, the Trustee requests that the Court authorize the sale to be effectuated immediately upon entry of the order approving this Motion.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

## VI.    CONCLUSION

Based on the foregoing, the Trustee respectfully requests that this Court enter an order:

1.    Granting the Motion.

2.    Authorizing the Trustee to sell the Assets to Buyer, Successful Bidder, or the Back-Up Bidder, "as is," "where is," "with all faults," and without warranty or recourse, but free and clear of any and all liens, claims, and interests, pursuant to 11 U.S.C. §§ 363(b) and (f).  The sales proceeds will not be disbursed without further order of this Court.

3.    Determining that Buyer, the Successful Bidder, and the Back-Up Bidder are "good faith purchasers" pursuant to 11 U.S.C. § 363(m).

4.    Authorizing the Trustee to pay, from the sale proceeds, any tax liability to the Estate from the sale.

5.    Approving the overbid procedures outlined in the Motion.

6.    Authorizing the Trustee to take any and all necessary actions to consummate the sale of the Assets as set forth in the Sale Agreement.

7.    Authorizing the Trustee to close the Megasys and Scan123 accounts within 7 days from entry of an order granting the Motion.

8.    Waiving any requirements for lodging periods of the order approving this Motion imposed by Local Bankruptcy Rule 9021-1 and any other applicable bankruptcy rules.

9.    Waiving the stay of the order approving this Motion imposed by Federal Rule of Bankruptcy Procedure 6004(h) and any other applicable bankruptcy rules.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

1     10.    For such other and further relief as the Court may deem just and proper.

2                      Respectfully submitted,

3 Dated: November 15 , 2023           GOLDEN GOODRICH LLP

4

5                    By:   /s/ Ryan W. Beall

6                      RYAN W. BEALL
                     Attorneys for Chapter 7 Trustee,
                     Weneta M.A. Kosmala

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Golden Goodrich LLP**
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

4879-6539-8673.1

13

MOTION

## DECLARATION OF WENETA M.A. KOSMALA[2]

I, Weneta M.A. Kosmala, declare as follows:

1.     I am the Chapter 7 trustee ("Trustee") of the bankruptcy estate ("Estate") of the debtor Tidalwave Finance Corporation ("Debtor").  I know each of the following facts to be true of my own personal knowledge, except as otherwise stated, and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the Motion.

2.     According to the docket of these proceedings, on April 18, 2023, the Debtor commenced the Case.  On the same day, I was appointed Chapter 7 trustee of the Estate.

3.     I am informed and believe based upon a review of the pleadings filed in this case, that the Debtor was in the business of providing non-prime auto financing services in California.

4.     The docket reflects that on April 18, 2023, the Debtor filed its schedules of assets and liabilities.  I am informed and believe based upon my review on the schedules of assets and liabilities that the Debtor listed personal property assets with the following values assigned by the Debtor:

-     $25,000.00 in bank funds ("Bank Funds"); and

-     $124,627.92 in accounts receivable ("A/R").

5.     By order entered June 2, 2023, I employed Golden Goodrich LLP ("Firm") to, among other things, assist in administering the A/R.   By order entered June 13, 2023, I employed D. Masin Consulting LLC ("DMC") to, among other things, analyze the A/R, confirm balances due on auto loans, and assist in liquidating the A/R.

6.     The Debtor did not schedule any liens against the Assets.  True and correct copies of the relevant portions of the Debtor's Schedules A/B and D filed with the Court are attached hereto collectively as **Exhibit 1**.

---

[2] All capitalized terms have the same meaning or definition as the capitalized terms in the Motion.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

7.      Buyer has offered to purchase the Assets for $6,000.00 and I have agreed to the offer, subject to Court approval.  A true and correct copy of the Sale Agreement is attached as **Exhibit 2**.

8.      I believe the proposed sale is fair and reasonable, within the proper exercise of my business judgment, and in the best interest of the Estate.  Buyer's offer is the only offer I have received for the Assets and I believe Buyer is offering fair market value for the Assets.  The sale will generate at least $6,000.00 for the benefit of the Estate.

9.      The anticipated sale of the Assets has been negotiated in good faith with Buyer in "arms'-length" discussions.  I have no prior relationship with Buyer.

10.     In this instance, market value is difficult to determine due to the nature of the Assets.  I understand the Assets have value to Buyer, which is in the same business as the Debtor.

11.     At my request, DMC contacted several parties about purchasing the Assets but did not receive a response.

12.     I did not otherwise formally market the Assets but will be publishing the sale on the Court's website and providing notice to all interested parties.  The sale will be conducted in a commercially reasonable manner following appropriate notice, with an opportunity for overbids.

13.     I do not believe there are any liens on the Assets.  The Debtor did not schedule any liens against the Assets.

14.     I believe the overbid procedures are fair and reasonable.  The minimum overbid is $1,000.00 higher than the Purchase Price and each subsequent overbid is in increments of $1,000.00.  Any overbid is due two business days prior to the hearing on the Motion.

//

//

//

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

15.     I do not believe there will be any tax consequences for the sale.  Any tax liability to the Estate from the sale will be paid from the sale proceeds.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this ___15___ day of November, 2023, at Santa Ana, California.

Weneta M.A. Kosmala

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000   Fax 714-966-1002

## DECLARATION OF AVISHAI SHRAGA[3]

I, Avishai Shraga, declare as follows:

1.      I am the President of Access Finance, Inc. ("Access Finance"), located at 3415 S. Sepulveda Blvd., Unit 410, Los Angeles, California 90034, the proposed buyer of the Assets.  I make this declaration in support of the Motion.

2.      Access Finance is not a creditor of the Debtor.

3.      On behalf of Access Finance, I negotiated with the Trustee for the purchase of the Assets in good faith.  I have not colluded with anyone regarding the purchase of the Assets.

4.      Access Finance previously did business with Tidalwave.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 15ᵗʰ day of November, 2023, at Los Angeles, California.

_____
Avishai Shraga

---

[3] All capitalized terms have the same meaning or definition as the capitalized terms in the Motion.

Golden Goodrich LLP
3070 Bristol Street, Suite 640
Costa Mesa, California 92626
Tel 714-966-1000  Fax 714-966-1002

**Fill in this information to identify the case:**

Debtor name **Tidalwave Finance Corporation**

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an amended filing

# Official Form 206A/B
## Schedule A/B: Assets - Real and Personal Property                12/15

Disclose all property, real and personal, which the debtor owns or in which the debtor has any other legal, equitable, or future interest. Include all property in which the debtor holds rights and powers exercisable for the debtor's own benefit. Also include assets and properties which have no book value, such as fully depreciated assets or assets that were not capitalized. In Schedule A/B, list any executory contracts or unexpired leases. Also list them on *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G).

Be as complete and accurate as possible. If more space is needed, attach a separate sheet to this form. At the top of any pages added, write the debtor's name and case number (if known). Also identify the form and line number to which the additional information applies. If an additional sheet is attached, include the amounts from the attachment in the total for the pertinent part.

For Part 1 through Part 11, list each asset under the appropriate category or attach separate supporting schedules, such as a fixed asset schedule or depreciation schedule, that gives the details for each asset in a particular category. List each asset only once. In valuing the debtor's interest, do not deduct the value of secured claims. See the instructions to understand the terms used in this form.

| Part 1: | Cash and cash equivalents |
|---|---|

**1. Does the debtor have any cash or cash equivalents?**

☐ No. Go to Part 2.
■ Yes Fill in the information below.

All cash or cash equivalents owned or controlled by the debtor

Current value of debtor's interest

3. **Checking, savings, money market, or financial brokerage accounts** *(Identify all)*
   Name of institution (bank or brokerage firm)     Type of account     Last 4 digits of account number

   3.1. **Wells Fargo**     **Checking**        **$25,000.00**

4. **Other cash equivalents** *(Identify all)*

5. **Total of Part 1.**     **$25,000.00**
   Add lines 2 through 4 (including amounts on any additional sheets). Copy the total to line 80.

| Part 2: | Deposits and Prepayments |
|---|---|

**6. Does the debtor have any deposits or prepayments?**

■ No. Go to Part 3.
☐ Yes Fill in the information below.

| Part 3: | Accounts receivable |
|---|---|

**10. Does the debtor have any accounts receivable?**

☐ No. Go to Part 4.
■ Yes Fill in the information below.

11. **Accounts receivable**

| 11b. Over 90 days old: | 124,627.92 | - | 0.00 | =.... | $124,627.92 |
|---|---|---|---|---|---|
| | face amount | | doubtful or uncollectible accounts | | |

Debtor  **Tidalwave Finance Corporation**                                Case number *(if known)* _____
         Name

| | |
|---|---|
| 12. **Total of Part 3.**<br>Current value on lines 11a + 11b = line 12. Copy the total to line 82. | **$124,627.92** |

---

**Part 4:    Investments**

**13. Does the debtor own any investments?**

■ No. Go to Part 5.
☐ Yes Fill in the information below.

---

**Part 5:    Inventory, excluding agriculture assets**

**18. Does the debtor own any inventory (excluding agriculture assets)?**

■ No. Go to Part 6.
☐ Yes Fill in the information below.

---

**Part 6:    Farming and fishing-related assets (other than titled motor vehicles and land)**

**27. Does the debtor own or lease any farming and fishing-related assets (other than titled motor vehicles and land)?**

■ No. Go to Part 7.
☐ Yes Fill in the information below.

---

**Part 7:    Office furniture, fixtures, and equipment; and collectibles**

**38. Does the debtor own or lease any office furniture, fixtures, equipment, or collectibles?**

☐ No.  Go to Part 8.
■ Yes Fill in the information below.

| General description | Net book value of debtor's interest (Where available) | Valuation method used for current value | Current value of debtor's interest |
|---|---|---|---|
| 39. **Office furniture**<br>2 office desks | $0.00 | | $0.00 |
| 3 cubicles | $0.00 | | $0.00 |
| 5 chairs | $0.00 | | $0.00 |
| 40. **Office fixtures**<br>Small refrigerator | $0.00 | | $0.00 |
| Small TV | $0.00 | | $0.00 |
| 5 fireproof locking file cabinets | $0.00 | | $0.00 |
| 41. **Office equipment, including all computer equipment and communication systems equipment and software**<br>Small phone system, polycom with 7 phones | $0.00 | | $0.00 |
| 4 Monitors | $0.00 | | $0.00 |

Official Form 206A/B            Schedule A/B Assets - Real and Personal Property            page 2

EXHIBIT 1  PAGE  19

| Debtor | Tidalwave Finance Corporation | Case number (if known) |
|---|---|---|
| | Name | |

42. **Collectibles** *Examples:* Antiques and figurines; paintings, prints, or other artwork;
books, pictures, or other art objects; china and crystal; stamp, coin, or baseball card
collections; other collections, memorabilia, or collectibles

43. **Total of Part 7.**
Add lines 39 through 42. Copy the total to line 86.

$$\boxed{\$0.00}$$

44. **Is a depreciation schedule available for any of the property listed in Part 7?**
■ No
☐ Yes

45. **Has any of the property listed in Part 7 been appraised by a professional within the last year?**
■ No
☐ Yes

| Part 8: | Machinery, equipment, and vehicles |
|---|---|

46. **Does the debtor own or lease any machinery, equipment, or vehicles?**

■ No. Go to Part 9.
☐ Yes Fill in the information below.

| Part 9: | Real property |
|---|---|

54. **Does the debtor own or lease any real property?**

■ No. Go to Part 10.
☐ Yes Fill in the information below.

| Part 10: | Intangibles and intellectual property |
|---|---|

59. **Does the debtor have any interests in intangibles or intellectual property?**

■ No. Go to Part 11.
☐ Yes Fill in the information below.

| Part 11: | All other assets |
|---|---|

70. **Does the debtor own any other assets that have not yet been reported on this form?**
Include all interests in executory contracts and unexpired leases not previously reported on this form.

☐ No. Go to Part 12.
■ Yes Fill in the information below.

Current value of
debtor's interest

71. **Notes receivable**
Description (include name of obligor)

72. **Tax refunds and unused net operating losses (NOLs)**
Description (for example, federal, state, local)

73. **Interests in insurance policies or annuities**

74. **Causes of action against third parties (whether or not a lawsuit
has been filed)**

75. **Other contingent and unliquidated claims or causes of action of
every nature, including counterclaims of the debtor and rights to
set off claims**

Official Form 206A/B          Schedule A/B Assets - Real and Personal Property          page 3
EXHIBIT 1  PAGE  20

| Debtor | **Tidalwave Finance Corporation** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**76.    Trusts, equitable or future interests in property**

**77.    Other property of any kind not already listed** *Examples:* Season tickets,
country club membership

**Miscellaneous office supplies.**                                            **$0.00**

---

**78.    Total of Part 11.**                                                    **$0.00**

Add lines 71 through 77. Copy the total to line 90.

**79.    Has any of the property listed in Part 11 been appraised by a professional within the last year?**

■ No

☐ Yes

EXHIBIT 1  PAGE  21

Debtor  **Tidalwave Finance Corporation**                          Case number *(if known)* _____
      Name

| Part 12: | Summary |
|---|---|

In Part 12 copy all of the totals from the earlier parts of the form

| Type of property | Current value of personal property | Current value of real property |
|---|---|---|
| 80. Cash, cash equivalents, and financial assets. *Copy line 5, Part 1* | $25,000.00 | |
| 81. Deposits and prepayments. *Copy line 9, Part 2.* | $0.00 | |
| 82. Accounts receivable. *Copy line 12, Part 3.* | $124,627.92 | |
| 83. Investments. *Copy line 17, Part 4.* | $0.00 | |
| 84. Inventory. *Copy line 23, Part 5.* | $0.00 | |
| 85. Farming and fishing-related assets. *Copy line 33, Part 6.* | $0.00 | |
| 86. Office furniture, fixtures, and equipment; and collectibles. *Copy line 43, Part 7.* | $0.00 | |
| 87. Machinery, equipment, and vehicles. *Copy line 51, Part 8.* | $0.00 | |
| 88. Real property. *Copy line 56, Part 9.*............................................> | | $0.00 |
| 89. Intangibles and intellectual property. *Copy line 66, Part 10.* | $0.00 | |
| 90. All other assets. *Copy line 78, Part 11.* | + $0.00 | |
| 91. Total. Add lines 80 through 90 for each column | $149,627.92 | + 91b. $0.00 |
| 92. Total of all property on Schedule A/B. Add lines 91a+91b=92 | | $149,627.92 |

**Fill in this information to identify the case:**

Debtor name    **Tidalwave Finance Corporation**

United States Bankruptcy Court for the:   CENTRAL DISTRICT OF CALIFORNIA

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 206D

# Schedule D: Creditors Who Have Claims Secured by Property                    12/15

Be as complete and accurate as possible.

1. Do any creditors have claims secured by debtor's property?

☐ **No.** Check this box and submit page 1 of this form to the court with debtor's other schedules. Debtor has nothing else to report on this form.

☐ **Yes.** Fill in all of the information below.

## SALE AGREEMENT

This Sale Agreement ("Agreement") is entered into by Weneta M.A. Kosmala, solely in her capacity as the Chapter 7 Trustee ("Trustee") for the bankruptcy estate ("Estate") of Tidalwave Finance Corporation ("Debtor"), and Access Finance, Inc., a California corporation having offices at 3415 S. Sepulveda Blvd., Suite 410, Los Angeles, California 90034 ("Purchaser," and collectively with the Trustee, the "Parties").

## RECITALS

**WHEREAS** the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code, on April 18, 2023, initiating Case No. 8:23-bk-10794, ("Case") in the United States Bankruptcy Court, Central District of California ("Court"). Shortly thereafter, Weneta M.A. Kosmala was appointed as Chapter 7 Trustee for the Estate and continues to serve in that capacity.

**WHEREAS** the Trustee wishes to sell and Purchaser wishes to purchase all of the assets of Tidalwave Finance Corporation including, but not limited to, all remaining car loan receivables and any other assets of the Debtor other than the Excluded Assets (as defined below) ("Purchased Assets").

**WHEREAS** the Trustee is the duly appointed chapter 7 trustee of the Estate of the Debtor, the Trustee has authority to administer assets of the Estate pending Court approval of any such sale or agreement.

**WHEREAS** the Purchaser has made an offer to purchase the Purchased Assets for $6,000 ("Purchase Amount"). The Purchaser shall pay the Purchase Amount within seven (7) days of the entrance of an order by the Court authorizing this Agreement. The Trustee will notify the Purchaser of the entrance of an order by the Court authorizing this Agreement.

**WHEREAS** any sale of the Purchased Assets is subject to the terms and conditions contained herein and is subject to Court approval.

## TERMS

1.        **Bankruptcy Court Approval**

1.1        <u>Binding Offer by Purchaser</u>. The execution of this Agreement by Purchaser constitutes a binding and enforceable agreement by Purchaser to purchase the Purchased Assets on the terms and conditions set forth in this Agreement. Notwithstanding the execution of this Agreement by Trustee, the acceptance by Trustee of any such offer is subject to and contingent upon the approval by the Court of this Agreement and the sale of the Purchased Assets to Purchaser as the successful bidder pursuant to the competitive bidding process described in Section 1.3 below, as a sale, transfer and assignment free and clear of any existing liens and interests pursuant to 11 U.S.C. § 363(b) and (f). This Agreement may not be revoked or rescinded by the Purchaser except upon the written consent of Trustee, or as specifically set forth below.

1.2        <u>Purchaser's Cooperation</u>. Purchaser will promptly perform any and all acts required

EXHIBIT 2  PAGE  24

of such party to assist the Trustee in seeking approval of the Agreement with the Court, including providing any declarations, documents and information requested by Trustee or the Court, and appearing as requested by Trustee at any related hearings before the Court.

      **1.3**    <u>Competing Offers</u>. The sale of the Purchased Assets will be subject to overbid and the Trustee shall be free to market the Purchased Assets for sale until the Court approves this Agreement, should it approve it at all. Until the Court approves this Agreement, the Trustee may (a) establish, publish, amend, rescind and seek approval from the Court of procedures governing the process pursuant to which any entity, including the Purchaser, may qualify to bid, and bid in a competitive bidding environment, to purchase the Purchased Assets, including establishing minimum deposit requirements, minimum bid increments, and criteria for qualifying prospective purchaser to bid, including financial qualifications (provided, however, that Trustee hereby approves the Purchaser as a qualifying bidder); (b) solicit, propose, receive, negotiate, counter and accept competing offers for the Purchased Assets and not be in breach or default of this Agreement, or be deemed to have acted unreasonably, improperly, or in bad faith, by reason of any such conduct; (c) rank, in order of desirability as viewed from the perspective of Trustee and the Estate, all purchase offers, including the offer by Purchaser set forth in this Agreement, taking into consideration all differences between competing offers deemed relevant by Trustee, including (1) the amount of the purchase price offered; and (2) differences in the date by which the closing of the sale would occur. The Trustee shall retain the exclusive right to qualify overbidders. In order to qualify, any overbidder must deliver a payment of $10,000 by cashier's check to the Trustee two business days before the auction. The minimum initial overbid during the Overbid Auction shall be no less than $7,000 (the "Initial Overbid") and, thereafter, each overbid shall be no less than $1,000.00 more than the immediately preceding bid.

      **1.4**    <u>Termination of Sale Due To Unforeseen Circumstances</u>. To the extent that liens, claims or other encumbrances against the Purchased Assets, if any, make the sale infeasible or unprofitable to the Estate in the sole opinion of the Trustee, then the Trustee may terminate this Agreement and cancel any proposed sale under this Agreement. In such case, the Purchaser shall have no recourse against the Trustee and the Estate.

**2.**   **Purchase and Sale of Assets: Closing**

      **2.1**    On behalf of the Estate, at the Closing Date (as defined below), the Trustee shall sell assign, convey, transfer and deliver to Purchaser, and Purchaser shall purchase the Purchased Assets, in accordance with the terms of this Agreement. The Purchased Assets shall be conveyed to Purchaser on an "AS IS", "WHERE IS" basis and "WITH ALL FAULTS AND CONDITIONS", without any warranty or representation by Trustee, Debtor or the Estate, and with all implied warranties and representations disclaimed by Trustee and the Estate. The Trustee is acting solely as the duly appointed representative of the Estate, and in no event will Trustee have any personal obligation or liability in connection with this Agreement or the sale of the Purchased Assets.

      **2.2**    The Purchased Assets shall include all of the assets of Tidalwave Finance Corporation including, but not limited to, all remaining car loan receivables, all titles held by the Debtor, and any other assets of the Debtor other than: (1) the right to collect California Department of Tax and Fee Administration refunds owed to the Debtor, and (2) and any claims owned by the Debtor under the United States Bankruptcy Code including, but not limited to, avoidable transfer

EXHIBIT 2 PAGE 25

actions and preference actions under Section 544 and/or any claims against principals of the Debtor arising from actions prior to the Closing Date ("Excluded Assets")

      2.3    In consideration of the Purchased Assets, subject to the terms and conditions of this Agreement, at the Closing, the Purchaser shall pay to the Trustee, for the benefit of the Estate, in immediately available funds, a total purchase price of $6,000 (the "Purchase Amount").

      2.4    The closing date of the Agreement (the "Closing Date") shall occur within seven (7) days of the Effective Date of this Agreement. The Parties will cooperate to execute or prepare any documents required to document the transfer of the Purchased Assets to the Purchaser.

      2.5    The sale of the Purchased Assets is conditioned upon the entry a final order approving the Agreement and the proposed sale. The Trustee's assent to the terms and conditions of this Agreement are subject to Court approval. Without such approval, the Trustee cannot and will not perform under this Agreement. The Trustee will file a motion with the Court requesting court approval of the Agreement pursuant to Federal Rules of Bankruptcy Procedure 9019.

      2.6    Any and all payments received by the Trustee and/or Debtor after the execution of this Agreement and prior to the Closing Date shall be credited against the Purchase Amount.

      2.7    The Effective Date of this Agreement is the date of the entrance of an order by the Court approving this Agreement.

      2.8    As of the Effective Date, Purchaser and Trustee agree that Purchaser will take over the data from the Megasys system as well as the Scan123 system set up for the Debtor.

      2.9    Notwithstanding anything to the contrary contained herein in the Agreement, the Purchaser is not assuming, and shall not be deemed to have assumed, any liabilities of the Debtor, the Trustee, or the Debtor's estate, of any nature whatsoever, whether accrued or fixed, absolute or contingent, known or unknown, or determined or determinable, and whether incurred prior to, on, or after the Closing Date.

## 3.    Satisfaction and Release

      3.1    Purchaser acknowledges and agrees that except as specifically provided in this Agreement and the obligations created by this Agreement, effective as of the Closing Date, Purchaser, its attorneys, agents, representatives, partners, predecessors or successors, and all persons acting for, under or in concert with them, past or present, release the Trustee and the Estate from any and all Purchased Assets, arising out of, in connection with or in any way relating to the Purchased Assets (including the sale and purchase thereof) or any other assets or Purchased Assets of the Estate or Debtor.

      3.2    Trustee acknowledges and agrees that except as specifically provided in this Agreement and the obligations created by this Agreement, effective as of the Closing Date, Trustee releases Purchaser, his attorneys, agents, representatives, partners, officers, predecessors or successors, and all persons acting for, under or in concert with them, past or present from any and all Purchased Assets, arising out of, in connection with or in any way relating to the Purchased Assets (including the sale and purchase thereof).

EXHIBIT 2  PAGE 26

The Parties acknowledge that they have been informed by their attorneys, and they are familiar with and waive the provision of Section 1542 of the Civil Code of the State of California which provides as follows:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIM TO WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

**4.     Conditions to the Transaction.** The respective obligations of Purchaser and Trustee to consummate the sale and purchase of the Purchased Assets shall be subject to the fulfillment at or prior to the Closing Date of the following conditions. The conditions for the benefit of a Party may be waived by such Party in its sole discretion.

**4.1**     No preliminary or permanent injunction or other order or decree by any federal or state court which prevents the consummation of the transactions contemplated hereby shall have been issued and remain in effect (each Party agreeing to use its commercially reasonable efforts to have any such injunction, order or decree lifted) and no statute, rule or regulation shall have been enacted by any governmental authority which prohibits the consummation of the sale of the Purchased Assets.

**4.2**     The Court shall have issued a final order approving the Agreement and the proposed sale and the order shall not be stayed, modified, amended, reversed or vacated without the consent of Trustee or Purchaser. If the Court declines to approve the Agreement, the Parties shall not be required to complete the sale contemplated by the Agreement.

**4.3**     The representations and warranties of the Parties set forth in this Agreement shall be true and correct in all material respects as of the Closing Date as though made as of such date. Each Party shall have performed and complied with all covenants and agreements contained in this Agreement required to be performed and complied with by such Party at or prior to the Closing Date.

**4.4**     All documents required to have been delivered by each Party, and all actions required to have been taken by each Party, shall have been delivered or taken.

**5.     Representations and Warranties.** The Parties represent and warrant as follows:

**5.1**     The Trustee is not aware of any person or entity holding a security interest in, or having a claim to, the Purchased Assets.

**5.2**     Subject to approval of the Court, the Trustee has the full right and authority to transfer and deliver to Purchaser all rights, titles and interests of the Estate in and to the Purchased Assets. To Trustee's personal knowledge, but without inquiry or investigation, or any obligation of inquiry or obligation, upon consummation of the transactions contemplated hereby, the Trustee will have transferred to Purchaser all of the Estate's rights to the Purchased Assets, free and clear of all

EXHIBIT 2 PAGE 27

encumbrances, title defects, pledges, charges, assessments, covenants, encroachments and burdens of any kind or nature whatsoever.

    5.3    The Parties represent and warrant to each other that the person executing this Agreement has full and complete authority and capacity to execute this Agreement and to make the promises contained herein.

    5.4    The Trustee has made available to the Purchaser such information and copies of written documentation in Trustee's possession relating to the Purchased Assets and relevant to the Purchaser's investigation of the Purchased Assets.

6.     **Miscellaneous.**

    6.1    FURTHER ASSURANCES.  The Parties agree to perform acts and to execute and deliver any further documents as may be reasonably necessary to carry out the intent and provisions of this Agreement.

    6.2    SUCCESSORS AND ASSIGNS.  This Agreement and all of the provisions hereof will be binding upon and inure to the benefit of the Parties hereto and their respective successors and permitted assigns.  Neither this Agreement nor any of the rights, interests or obligations hereunder may be assigned by any Party without the prior written consent of all of the other Parties.

    6.3    NOTICES.  All notices to be delivered in connection with this Agreement shall be in writing and shall be deemed to have been given when personally delivered, the third day after being sent by overnight delivery service, mailed by first class mail, return receipt requested, or delivered by facsimile, when transmitted and electronic confirmation of delivery is received, or delivered by email, return receipt requested.  Notices, demands and communications shall, unless another address is specified in writing, be sent to the addresses for the parties as set forth below. Notices shall also be provided by email when possible.

    6.4    NATURE AND SURVIVAL OF REPRESENTATIONS AND OBLIGATIONS.  All representations, warranties, covenants, agreements, disclaimers and waivers of the parties contained in this Agreement, or in any instrument, certificate, opinion or other writing provided for in it, shall survive for a period of twelve (12) months after the Closing.

    6.5    GOVERNING LAW; VENUE; JURISDICTION.  The validity and interpretation of this Agreement shall be governed by the laws of the State of California.  The Parties agree that any action or proceeding commenced under or with respect to this Agreement shall be brought only in the United States Bankruptcy Court for the Central District of California, Santa Ana Division, and the Parties irrevocably consent to the jurisdiction of such court and waive any right to alter or change venue, including by removal.

    6.6    LEGAL EXPENSES. Each Party shall be responsible for its own costs and expenses (including legal fees) in connection with the negotiation, preparation and execution of this

EXHIBIT 2 PAGE 28

Agreement.  In the event a Party institutes any legal action to enforce or construe any provision of this Agreement (including in any arbitration or mediation), the non-prevailing party or parties shall pay to the prevailing party the reasonable costs and expenses (including legal fees) incurred by such prevailing party in connection therewith.

6.7    **TAXES.**  The Purchase shall be responsible for any and all taxes incurred as a result of this Agreement and the sale contemplated hereunder.  To the extent any taxing authority seeks any taxes resulting from this Agreement and the sale contemplated hereunder, the Purchase shall hold harmless and indemnify the Trustee and Estate for all taxes sought by any taxing authority.

6.8    **COUNTERPARTS.**  This Agreement may be executed in any number of counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same agreement.

6.9    **ENTIRE AGREEMENT; SEVERABILITY; AMENDMENTS.**  This Agreement is the entire agreement of the Parties regarding the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions.  If any part of this Agreement is held by a court of competent jurisdiction to be invalid, void or otherwise unenforceable, the remaining provisions shall nonetheless continue in full force and effect.  This Agreement may not be amended, modified, or changed, nor can any of the provisions of this Agreement be waived, except in writing signed by the Parties.

IN WITNESS WHEREOF, the Parties have executed this Agreement to be effective as of the date first set forth above.

TRUSTEE:

Weneta M.A. Kosmala/Chapter 7 Trustee of the Bankruptcy Estate of Tidalwave Finance Corporation

By:_____
Weneta M.A. Kosmala, Trustee on behalf of the Bankruptcy Estate

PURCHASER:

By:_____
Avishai Shraga, President, on behalf of, Access Finance, Inc.

EXHIBIT 2 PAGE 29

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3070 Bristol Street, Suite 640, Costa Mesa, California 92626**

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER: (1)AUTHORIZING SALE OF PERSONAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 363(B) AND (F);(2)APPROVING OVERBID PROCEDURES; (3)APPROVING BUYER, SUCCESSFUL BIDDER, AND BACK-UP BIDDER AS GOOD-FAITH PURCHASER PURSUANT TO 11 U.S.C. § 363(M); AND (4) WAIVING ANY LODGING PERIODS AND ANY STAY OF THE ORDER ON THE MOTION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF WENETA M.A. KOSMALA AND AVISHAI SHRAGA IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **November 16, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **November 16, 2023**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **November 16, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Scott Clarkson, 411 W. 4th Street, Ctrm 5C, Santa Ana, CA  92701

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 16, 2023 | Kelly Adele | *Kelly Adele* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*
0.0

**F 9013-3.1.PROOF.SERVICE**

**SERVICE BY EMAIL**
Avishai Shraga, President
Access Finance, Inc.
avi@accessfinanceinc.com

**SERVICE BY U.S. MAIL**
Tidalwave Finance Corporation
Attn: Elvia Garcia
1560 Brookhollow Dr, Suite 201
Santa Ana, CA 92705
**Debtor**

**Electronic Mail Notice List**

Ryan W Beall      rbeall@go2.law, kadele@go2.law;dfitzgerald@go2.law;rbeall@ecf.courtdrive.com;cmeeker@go2.law
Jeffrey I Golden      jgolden@go2.law,
kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
Richard H Golubow      rgolubow@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
Weneta M.A. Kosmala (TR)      ecf.alert+Kosmala@titlexi.com,
wkosmala@txitrustee.com;dmf@txitrustee.com;sdk@txitrustee.com
Christopher J Langley      chris@slclawoffice.com,
omar@slclawoffice.com;langleycr75251@notify.bestcase.com;ecf123@casedriver.com
United States Trustee (SA)      ustpregion16.sa.ecf@usdoj.gov